**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ARCHARD LEE MASON,

      Plaintiff,

v.                                                    CASE NO. 15-14300

COMMISSIONER OF                      DISTRICT JUDGE NANCY G. EDMUNDS
SOCIAL SECURITY,

      Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [19]; ADOPTING THE REPORT AND RECOMMENDATION [16]; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [12]; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [15] AND AFFIRMING THE COMMISSIONER'S DECISION**

This matter is before the Court on Plaintiff's objections to the magistrate judge's report and recommendation. (Docket no. 16.) Having conducted a *de novo* review of the parts of the magistrate judge's report and recommendation to which objections have been filed pursuant to 28 U.S.C. § 636(b)(1), and for the reasons set forth therein and below, the Court denies Plaintiff's objections, adopts the magistrate judge's report and recommendation, denies Plaintiff's motion for summary judgment and grants Defendant Commissioner of Social Security's motion for summary judgment, affirming the Commissioner's decision in accordance with 42 U.S.C. § 405(g).

Plaintiff protectively filed for disability benefits ("DIB") on January 9, 2013. (Transcript 144-47.) Plaintiff alleged a disability onset date of April 21, 2007. (Tr. 144-47.) His claims were denied and he requested a hearing before an administrative law judge ("ALJ"), which was held on June 2, 2014. (Tr. 35.) In a decision dated July 15, 2014, the

ALJ determined that Plaintiff had not been disabled within the meaning of the Social Security act at any time from April 21, 2007, through December 31, 2013, the date last insured. (Tr. 30-31.)

On October 28, 2015, the appeals council denied Plaintiff's request for review of the ALJ's decision. (Tr. 1-5.) Plaintiff filed with this Court on December 10, 2015. (Dkt. 1.) Plaintiff filed duplicate motions for summary judgment on May 4, 2016. (Dkt. 11, 12.) Defendant filed a motion for summary judgment on July 6, 2016. (Tr. 15.) The magistrate judge entered a report and recommendation on January 31, 2017, recommending denying Plaintiff's motion for summary judgment and granting Defendant's motion for summary judgment. (Dkt. no. 16.) Plaintiff filed objections to the report and recommendation on February 14, 2017, and Defendant filed its response to the objections on February 28, 2017. (Dkt. nos. 19, 20.)

The Court has reviewed the pleadings, including the ALJ's decision, the record transcript, the magistrate judge's report and recommendation and the objections and response. The ALJ's findings and the pertinent portions of the administrative record are accurately and adequately set forth in the magistrate judge's report and recommendation as necessary to the analysis, and the Court adopts them here. (Report and Recommendation, dkt. no. 16.) The Court agrees with the magistrate judge.

## I.    Standard of Review

Where a party has properly objected to a magistrate judge's report and recommendation, the "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject,

or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## II.    Analysis

Plaintiff first objects that the magistrate judge erred in finding that the ALJ properly considered the Department of Veterans Affairs' ("VA") determination that Plaintiff has a 100% disability rating. He objects that neither the ALJ nor the magistrate judge provided a "proper explanation for the ALJ's decision to reject the findings of the VA." As Defendant points out, this issue was raised before the magistrate judge. Having reviewed the record, the Court finds that the magistrate judge properly addressed this issue; both the magistrate judge and the ALJ considered the VA records and the VA's determination, yet pointed out that the standards controlling disability determinations by the VA are not the same as under the Social Security Regulations. As the magistrate judge pointed out, the ALJ properly considered the VA records and the disability rating, referenced both in his decision, yet is not bound by the VA's determination. *See* 20 C.F.R. § 404.1504 ("A decision by any nongovernmental agency or any other governmental agency about whether you are disabled or blind is based on its rules . . . . [A] determination made by another agency that you are disabled or blind is not binding on us."); Soc. Sec. Ruling (SSR) 06-03p, 2006 WL 2329939.

Plaintiff also argues that the magistrate judge's reliance on *Ritchie v. Comm'r of Soc. Sec.*, 540 F. App'x 508 (6th Cir. 2013),  is inapposite because the *Ritchie* court noted that the VA disability rating at issue was made approximately 25 years prior, whereas Plaintiff's VA disability documentation was dated only one year prior to the ALJ's decision. This was

3

but one factor mentioned by the Sixth Circuit in *Ritchie*. The Sixth Circuit noted that, not unlike the case at bar,

> The [ALJ's] decision analyzed in detail plaintiff's current medical and psychological condition, the opinions of plaintiff's current treating physicians, his work history and his daily living habits. The 1987 disability rating by the Veterans Administration is only one factor to be considered in making a social security disability finding. As such, and given the long time span since the rating was rendered, the administrative law judge was not required to go into detail about a medical finding from 1987 in her decision.

*Id.* at 510-11. The court also noted that the ALJ "clearly stated a proper understanding of the law when she stated she was not bound by the Veterans Administration finding." *Id.* at 510. The magistrate judge correctly explained that the ALJ properly considered the VA disability rating.

Next, Plaintiff objects that the magistrate judge erred in finding that the ALJ's decision is supported by substantial evidence. Plaintiff cites medical evidence and testimony from the record, to conclude that the ALJ "misconstrued" the evidence.  If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports another conclusion. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994)(citing *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)).

Defendant correctly points out that Plaintiff again raises statements of facts from his motion for summary judgment and essentially asks the Court to reweigh the evidence of record. The evidence on which Plaintiff cites in his objections was addressed in the ALJ's

4

decision. For example, the ALJ considered evidence related to Plaintiff's back, knees, neck and shoulders, his use of a cane, fatigue and his psychological symptoms including nightmares and flashbacks. (Pl.'s Objections 5-8; e.g., tr. 16, 21, 23-26, 24.)  The Court agrees with the magistrate judge that the ALJ's findings regarding Plaintiff's residual functional capacity (RFC) are supported by substantial evidence in the record.

Finally, Plaintiff appears to object that the ALJ has substituted his own opinion for that of the medical providers without providing a basis in the medical evidence, and that while the magistrate judge "devotes a section [of the Report and Recommendation] to the evidence supporting the RFC" he "fails to mention any limitations related to mental conditions and the evidence which supports finding Plaintiff able to deal with supervisor, coworkers, and the public." (Pl.'s Objs. 9, dkt. 19.)  Plaintiff states that "[t]he only evidence discussed in the entire Report and Recommendation related to Plaintiff's mental state is that there is documentation to support that Plaintiff is 'quite happy' with his medication and that the medication helps regulate his mood and temper." (Pl.'s Objections 9, dkt. 19.) As an initial matter, Plaintiff's statement about the Report and Recommendation is not accurate. The magistrate judge cited a range of evidence related to Plaintiff's mental state, including the March 2009 records in which Plaintiff reported having flashbacks to his time in Iraq and reported that he has problems with authority figures. (Report and Recommendation 6-7, citing tr. 249-51; see also Report and Recommendation 2-5 (Plaintiff's testimony and self-report); 7 (Plaintiff was depressed), 8 (report of audio hallucinations and records of mental health treatment from Dec. 2010 through Sept. 2011), 9-11( mental health treatment records, attendance and volunteering at church, performing errands).)

5

With respect Plaintiff's argument that there is no evidence in his testimony or medical records that support the ALJ's finding that he can perform work involving "no more than occasional supervision," and "no more the brief, superficial interaction with the public and coworkers," the ALJ pointed out specific evidence to support these findings. (Pl.'s Objections 9.) The ALJ specifically gave great weight to the state agency mental health consultant, Rose Moten, Ph.D. Dr. Moten concluded that in light of his PTSD symptoms, Plaintiff was "best suited for work that does not involve regular contact with coworkers, the public and supervisors." (Tr. 27, 87.) As the magistrate judge correctly pointed out, the ALJ addressed these limitations in restricting Plaintiff's interaction with each of these categories. (Report and Recommendation 19.) The ALJ also pointed out throughout the decision that Plaintiff attended church and performed volunteer work there, used public transportation, and went to the gym, and that Plaintiff's treatment providers did not indicate any particular difficulty Plaintiff had getting along with others in the treatment setting. (Tr. 18, 24, 27, 200, 429.) Plaintiff was also able to attend classes and be around classmates and worked for a time driving his own vehicle to shuttle people to appointments and stores. (Tr. 28.) Yet the ALJ's decision also shows that he considered Plaintiff's reports that he did not spend time with others, had problems getting along with his neighbors, who "are not the friendliest of people," and Plaintiff's 2011 report of ongoing anger issues and difficulty getting along with people, and experiencing hallucinations. (Tr. 18, 25, 201.) The ALJ identified records showing symptom management with medication by late 2011 and May 2012. Despite Plaintiff's argument that the RFC is contrary to the VA's assessment, the ALJ properly compared the assessment of the VA doctor to the "record as a whole." *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 441-42 (6th Cir. 2010). The ALJ's RFC is supported by

6

substantial evidence. *See* Soc. Sec. Ruling 96-5p, 1996 WL 374183; 20 C.F.R. 404.1527(d)(2) (Although the Commissioner considers "opinions from medical sources on issues such as . . . residual functional capacity, . . . the final responsibility for deciding these issues is reserved to the Commissioner."). The ALJ's decision was supported by substantial evidence and the Court does not find error in the magistrate judge's report and recommendation.

## III.   Conclusion

For the foregoing reasons, the Court DENIES Plaintiff's Objections (dkt. no. 19), ADOPTS the Magistrate Judge's Report and Recommendation (dkt. no. 16), DENIES Plaintiff's Motion for Summary Judgment (dkt. no. 12), GRANTS Defendant's Motion for Summary Judgment (dkt. no. 15) and AFFIRMS the decision of the Commissioner pursuant to 42 U.S.C. § 405(g).

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  March 16, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 16, 2017, by electronic and/or ordinary mail.

s/Carol J. Bethel
Case Manager

7